IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DUANE WHITE, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-1045 |
| v. | : |
| | : (JUDGE VANASKIE) |
| B.A. BLEDSOE, WARDEN, | : |
| | : |
| Respondent. | : |

# MEMORANDUM

Background

This habeas corpus action pursuant to 28 U.S.C. § 2241 was filed by Walter Duane White on May 22, 2008 regarding the results of a disciplinary proceeding held the same day at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), where White was confined.[1] Named as Respondent is USP-Lewisburg Warden B.A. Bledsoe. Service of the Petition was previously ordered.

White alleges that he was issued a fabricated disciplinary report which charged him with misuse of the telephone, giving and receiving anything of value, and misuse of the mail. Those charges were purportedly issued in retaliation for White's exercise of his First Amendment right to access the courts and his filing of institutional grievances. (Dkt. Entry # 1, Petition.) After

---

[1] On September 22, 2008, Petitioner filed a Notice of Change of Address, stating that he had been transferred to the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"). See Dkt. Entry # 31.

being found guilty of multiple misconduct charges on May 22, 2008, White was sanctioned to forfeiture of twenty-eight (28) days of good conduct time; a one hundred and eighty (180) day loss of telephone access; a ninety (90) day loss of commissary rights; and a sixty (60) day deprivation of visitation privileges.

White filed this habeas action before exhausting the administrative review process. On June 18, 2008, he filed a motion requesting that this matter be stayed "until exhaustion has been completed." Dkt. Entry # 6, p. 1. White's motion claimed that he could not pursue an administrative appeal because he "has not received the DHO decision." Id. Relying on Rhines v. Weber, 544 U.S. 269 (2005), Petitioner requested that his pending action be held in abeyance until exhaustion has been completed. Respondent subsequently filed a response requesting that White's action be dismissed for his non-exhaustion of available administrative remedies "prior to filing his petition." Dkt. Entry # 9, p. 2.

Discussion

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies

would be futile,  the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm.  Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The Federal Bureau of Prisons (BOP) has a well established  three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10-542.19.  After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting  "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty ( 20) calendar days "following the date on which the basis for the Request occurred."  See  28 C.F.R. § 542.14(a) (1998).  The Warden has twenty (20)  calendar days from the date the Request or Appeal is filed in which to respond.  Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response.  Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response.  Id.  Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id.

In both Rhines and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both petitioners argued that their respective federal habeas petitions should be held in abeyance while the unexhausted claims were exhausted in state court because they might be barred from returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

White's pending action does not seek relief pursuant to § 2254 and the statute of limitations concerns which existed in both Rhines and Crews are not present in the pending matter. Accordingly, Petitioner's reliance on Rhines as support for his motion for stay is misplaced.

White's pending § 2241 petition is dated May 22, 2008, [2] and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the

---

[2] See Dkt. Entry # 1, p. 7.

time it is given to prison officials for mailing to the Court). It is also undisputed that the disciplinary hearing that is the subject of this matter also occurred on May 22, 2008. See Dkt. Entry # 1, p. 2. Since Petitioner initiated this action on the very same day that his challenged disciplinary hearing occurred, it is apparent that he made no attempt to exhaust available BOP administrative remedies prior to seeking federal court review. This conclusion is bolstered by White's July 18, 2008 submission, in which he acknowledges that he did not attempt to exhaust administrative remedies until after the filing of this action. See Dkt. Entry # 16. An undisputed declaration under penalty of perjury by USP-Lewisburg Supervisory Attorney L. Cunningham reports that on June 17, 2008 ( four days after the dating of White's motion for stay), Petitioner sought administrative relief "regarding the incident report and DHO hearing at issue in this petition," and that a "Regional level response" was due on July 17, 2008."[3] Dkt. Entry # 10, ¶ 5.

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In a more recent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like White's petition, had been filed before administrative remedies had been exhausted. Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile

---

[3] Cunningham further notes that while incarcerated, White has submitted over 100 requests for administrative remedies. Hence, it is clear that Petitioner was very familiar with the BOP's administrative review system.

to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

Petitioner initiated this federal habeas corpus action before even attempting to resolve his claims via the BOP's administrative review procedure. There is no indication in the record that it would be futile for Petitioner to fully exhaust his BOP administrative remedies and none of the other exceptions outlined in Lyons exist. White has also not demonstrated any basis as to why he should be excused from the exhaustion requirement. In this regard, White's assertion that he had not received the disciplinary hearing officer's written decision does not excuse exhaustion in view of the fact that White brought this action the very same date of the disciplinary hearing. See Porte, supra, 2006 WL 47654, at *

Under the circumstances presented here, especially White's admission that he did not initiate the BOP administrative review process until after filing his present habeas corpus petition, his action will be dismissed as premature under the standards developed in Moscato and Ridley. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process while at the same time proceeding with administrative review. Upon full exhaustion of his available BOP administrative remedies,

Petitioner, if appropriate, may reassert his instant federal habeas claims. An appropriate Order will enter.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DUANE WHITE, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-1045 |
| v. | : |
| | : (JUDGE VANASKIE) |
| B.A. BLEDSOE, WARDEN, | : |
| | : |
| Respondent. | : |

## ORDER

NOW, THEREFORE, THIS 3rd DAY OF MARCH, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to stay proceedings (Dkt. Entry # 6) is DENIED.

2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court is directed to CLOSE the case.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge